UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------X
ALPHA CEPHEUS, LLC
FIRST UNITED HEALTH, LLC,
CONSTELLATION HEALTH, LLC
NAYA CONSTELLATION HEALTH, LLC and
CONSTELLATION HEALTH INVESTMENT,
LLC,

              Plaintiffs,              Docket No.: 18-cv-14322

   -against-

CHINH CHU,
TRUC TO,
DOUGLAS NEWTON,
JAMES STEPIEN,
VICTOR CARDONA, and
JOHN DOE 1-10,

              Defendants.
------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE**


                                  Parlatore Law Group, LLC
                                  *Counsel for the Plaintiffs*
                                  Timothy C. Parlatore, Esq.
                                  221 River Street, 9th Floor
                                  Hoboken, NJ 07030
                                  212-679-6312
                                  212-202-4787 Facsimile
                                  Timothy.parlatore@parlatorelawgroup.com

## Preliminary Statement

Plaintiffs submit this emergency application for a Preliminary Injunction to stop Defendants' ongoing pattern of illegal activity, which has now escalated to making death threats against members of Mr. Parmar's family, including his niece and nephew, who are students in high school and college, respectively.

On October 10, 2018, Defendants were served with the summons and complaint in the instant action. Their response was swift and chilling. Two men approached Mr. Parmar that night in the parking lot of the Hazlet train station, showed him surveillance photos of his family and advised him to plead guilty to all criminal charges against him, drop this civil suit, and implied that his family would be hurt or killed if he did not comply. They strongly warned him not to tell the police before leaving him.

As it appears that federal officials are taking no action, despite these allegations having been reported to them, Plaintiff has no alternative but to seek relief from this Court. Plaintiff is therefore seeking a preliminary injunction to enjoin Defendants from any further unlawful threatening or potentially violent activity targeting Mr. Parmar, his family or associates. Additionally, Plaintiffs seek limited expedited discovery to uncover the identities of the additionally involved parties.

## Legal Standard

In ruling on a motion for a preliminary injunction, the district court must consider (1) the likelihood that the plaintiff will prevail on the merits at trial; (2) the extent to which the plaintiffs will suffer irreparable harm in the absence of an injunction; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest. The injunction should issue only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary injunctive relief. *Merchant & Evans v. Roosevelt Bldg. Products*, 963 F.2d 628, 632-633 (3d Cir. 1992); *Opticians Ass'n v. Independence Opticians*, 920 F.2d 187, 191-92 (3d Cir. 1990).

## ARGUMENT

As discussed in the complaint, this at bar involves a complex and brazen fraud, committed by the Defendants. The Defendants have engaged in and are continuing to pursue a pattern of racketeering activity in furtherance of their corrupt goals. The evidence of Defendants' wrongdoing is overwhelming and consists of email communications, financial and bank records, photographs, and digital forensic reports. The likelihood that Plaintiff will prevail on the merits at trial is very high. The Defendants' desperate and frightening response to being served with this lawsuit only further demonstrates both their recognition of the merits of Plaintiffs' case as

well as the lengths to which they will go to break the law and pursue their corrupt goals.

### A. The Balance of Interests Weighs Overwhelmingly in Favor of a Preliminary Injunction

When balancing the interests of the Plaintiffs, Defendants and the public, the overwhelming weight tips in Plaintiffs' favor. Plaintiffs' interest in having the manager and shareholders be free from threats of violence or death, while also keeping their private and privileged communications free from intrusion by Defendants is paramount. The irreparable harm that would result, either from the consummation of Defendants' threatened violence, or their corrupt goal of influencing Mr. Parmar's actions in this and other related litigations, cannot be overstated.

In contrast, the Defendants will suffer no irreparable harm if the requested preliminary injunction is issued. Defendants have no legitimate interests in continuing to follow, surveil, intimidate, harass or threaten Mr. Parmar or his family. Given that Mr. Parmar is on home confinement and leaves his home only to visit his attorneys, the only info that surveillance would yield to Defendants is insight as to how much time Mr. Parmar spends visiting his attorneys, hardly a legitimate undertaking and certainly not enough to warrant denial of Plaintiffs' application.

Similarly, the public has a strong interest in this case, and the related cases, being heard and decided on the merits, not resolved through the capitulation of one

party due to the corrupt intimidation tactics of Defendants. Certainly, the public has a strong interest in ensuring that no violent actions are taken against Mr. Parmar or his family members or associates.

In *Wolfson v. Lewis*, 924 F. Supp. 1413 (E.D.Pa 1996), the Court issued a similar preliminary injunction to the one sought here, but on far less severe factual circumstances. The Court in *Wolfson* enjoined members of the media from "harassing, hounding, following, intruding, frightening, terrorizing or ambushing" the Plaintiffs where the allegations involved aggressive news reporting, not threats of physical violence, as in the case at bar.

For these reasons, Plaintiff respectfully submits that a Preliminary Injunction should be issued enjoining Defendants, their partners, agents, employees, and all persons in active concert or participating with Defendants from committing assault, stalking, harassment, menacing, reckless endangerment, disorderly conduct, intimidation, threats, or any criminal offense against Mr. Parmar, his family and associates.

### B. Limited Expedited Discovery is Essential to Identifying All Parties Involved in the Unlawful Treatment of Mr. Parmar and his Family

Similarly, limited expedited discovery is essential to ensuring that all offending parties are identified, joined as defendants, and subjected to the same Preliminary Injunction to protect Mr. Parmar, his family and associates.

The limited discovery sought would include issuing a subpoena to NJ Transit for the video recordings of the Hazlet train station. Additionally, targeted interrogatories or limited depositions of the Defendants is necessary to discover the identities of the other involved parties. Should the Defendants refuse to identify their co-conspirators or assert their rights under the 5th Amendment, then subpoenas may be necessary for bank records to trace the source of payments made to Defendants Stepien and Cardona.

Plaintiffs have a clear interest in identifying all persons involved in the ongoing threats against Mr. Parmar, his family and associates, whereas Defendants have no legitimate interest in protecting these unnamed parties. Similarly, the public has an interest in ensuring that ensuring that all parties are identified and brought before this Court.

## CONCLUSION

For all the reasons stated herein, Plaintiffs respectfully submit that this Court should issue a Preliminary Injunction and order limited expedited discovery, together with such other and further relief as this Court deems appropriate.

Dated:	October 19, 2018
	Hoboken, New Jersey

Respectfully submitted,

Timothy C. Parlatore, Esq.

5

        Parlatore Law Group, LLC
        *Counsel for the Plaintiffs*
        221 River Street, 9th Floor
        Hoboken, NJ 07030