## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>MADELINE COX ARLEO<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST. ROOM 2060<br>NEWARK, NJ 07101<br>917-297-4903 |

October 26, 2018

VIA ECF

### LETTER ORDER

Re:  Alpha Cepheus, LLC, et al. v. Chinh Chu, et al.
     Civil Action No. 18-14322

Dear Counsel:

The Court has reviewed the Motion for an Order to Show Cause and Preliminary Injunction filed by Plaintiffs Alpha Cepheus, LLC, First United Health, LLC, Constellation Health, LLC, Naya Constellation Health, LLC, and Constellation Health Investment, LLC (collectively, "Plaintiffs") against Defendants Chinh Chu, Truc To, Douglas Newton, James Stepien, Victor Cardona, and John Doe 1-10 (collectively, "Defendants"). ECF No. 13. For the following reasons, the request is **DENIED**.

On October 24, 2018, Plaintiffs filed a Motion for an Order to Show Cause and a Preliminary Injunction to enjoin Defendants and their affiliates "to stay away from Paul Parmar, Salil Sharma, Kiran Sharma, their minor children, and Elena Sartison . . . , refrain from assault, stalking, harassment, menacing, reckless endangerment, disorderly conduct, intimidation, threats, or any criminal offense against the protected persons." Proposed Form of Order, ECF No. 13. Notably, Parmar is not even a party here. Plaintiffs also seek expedited discovery on the identity of the individuals involved in the alleged activities set forth in Parmar's affidavit. Id.

In order to obtain preliminary injunctive relief, a party must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of the requested relief; (3) that the balance of equities is in the movant's favor; and (4) that an injunction is in the public interest. Ferring Pharms., Inc. v. Watson Pharms., Inc., 765 F.3d 205, 210 (3d Cir. 2014). Plaintiffs' Motion is denied for the following reasons. First, Plaintiffs have failed to establish that they have standing to request relief since the corporate Plaintiffs have not demonstrated harm. Second, Plaintiffs have failed to demonstrate a likelihood of success on the merits. Plaintiffs' brief contains only two sentences in support of that prong: "The evidence of Defendants' wrongdoing is overwhelming and consists of email communications, financial and bank records, photographs, and digital forensic reports. The likelihood that Plaintiff will prevail on the merits at trial is very high." Pl.'s Mem. in Support at p. 2, ECF No. 14. This unsupported

1

contention is insufficient to establish a likelihood of success on the merits. And Plaintiffs have not set forth any evidence to support the elements of their RICO claim. Moreover, Plaintiffs have failed to demonstrate that Defendants were responsible for the acts alleged in Parmar's affidavit.

Plaintiffs submit that their expedited discovery request will serve to "ensur[e] that all offending parties are identified, joined as defendants, and subjected to the same Preliminary Injunction to protect Mr. Parmar, his family and associates." Because Plaintiffs' preliminary injunction application is denied, the Court will also deny the request for expedited discovery. Discovery will proceed in the ordinary course.

               **SO ORDERED.**

               */s Madeline Cox Arleo*
               **MADELINE COX ARLEO**
               **UNITED STATES DISTRICT JUDGE**