UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALPHA CEPHEUS, LLC, FIRST UNITED HEALTH, LLC, CONSTELLATION HEALTH, LLC, NAYA CONSTELLATION HEALTH, LLC and CONSTELLATION HEALTH INVESTMENT, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CHINH CHU, TRUC TO, DOUGLAS NEWTON, JAMES STEPIEN, VICTOR CARDONA, and JOHN DOE 1-10,<br><br>Defendants. | Case No. 2:18-cv-14322 (MCA) (MAH)<br><br>Hon. Madeline Cox Arleo<br><br>Magistrate Judge Michael A. Hammer |

**DEFENDANTS CHINH CHU AND DOUGLAS NEWTON'S**
**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'**
<u>**MOTION FOR RECONSIDERATION OF THE DENIAL OF INJUNCTIVE RELIEF**</u>

## **TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................ 3

    I. The Motion for Reconsideration of the Denial of Plaintiffs' Motion is Untimely ............ 3

    II. Plaintiffs Do Not Satisfy The Standard For Reconsideration ............................................. 4

CONCLUSION ....................................................................................................... 10

## TABLE OF AUTHORITIES

**CASES**                                                                                                                                 **PAGE**

*Alpha Cepheus, LLC v. Chinh Chu*,
    Case No. 2:18-cv-14322-MCA-MAH, Docket No. 21 (D.N.J. Oct. 29, 2018). ............. passim

*Amatangelo v. Borough of Donora*,
    212 F.3d 776 (3d Cir. 2000) ...................................................................................... 3

*Amato v. Wilentz*,
    952 F.2d 742 (3d Cir. 1991) ...................................................................................... 6

*Blystone v. Horn*,
    664 F.3d 397 (3d Cir. 2011) ............................................................................. 5, 6, 7, 9

*Buffa v. N.J. State Dept. of Judiciary*,
    56 F. App'x 571 (3d Cir. 2003). .................................................................................. 6

*Carteret Sav. Bank, F.A. v. Shushan*,
    721 F. Supp. 705 (D.N.J. 1989). ................................................................................. 7

*CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*,
    940 F. Supp. 2d 141 (D.N.J. 2013). ............................................................................ 9

*Harsco Corp. v. Zlotnicki*,
    779 F.2d 906 (3d Cir. 1985) ...................................................................................... 5

*Howard Hess Labs, Inc. v. Dentsply Int'l Inc.*,
    602 F.3d 237 (3d Cir. 2010) ...................................................................................... 6

*In re Nickelodeon Consumer Privacy Litig.*,
    827 F.3d 262 (3d Cir. 2016) ...................................................................................... 6

*Lewis v. Williams*,
    Civ. A. No. 07-1592 (GEB), 2009 WL 4117333 (D.N.J. Nov. 23, 2009). ................. 4

*McCormick v. Six*,
    No. 08-3058-SAC, 2008 WL 842427 (D. Kan. Mar. 27, 2008). ................................ 4

*McWhorter v. Municipality of Philadelphia*,
    Civ. A. No. 85-5995, 1985 WL 3901 (E.D. Pa. Nov. 20, 1985) ................................. 4

*Pelham v. United States*,
    661 F. Supp. 1063 (D.N.J. 1987). ............................................................................... 5

*Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc.*,
    830 F. Supp. 826 (D.N.J. 1992). ................................................................................. 5

*Smith v. City of Chester*,
   155 F.R.D. 95 (E.D. Pa. 1994)..................................................................................... 4

*Sun Chemical Corp. v. Fike Corp.*,
   Civ. A. No. 13-4069 (ES), 2015 WL 3935031 (D.N.J. Jun. 25, 2015)...................... 9

*Tehan v. Disability Management Services, Inc.*,
   111 F. Supp. 2d 542, (D.N.J. 2000). ................................................................. 5, 7, 8

*United States v. Contents of Accounts Nos. 3034504504 and 144-07143*,
   971 F.2d 974 (3d Cir. 1992)...................................................................................... 3

*Van Tassel v. Piccione*,
   Civ. A. No. 13-1672 Erie, 2014 WL 3401680 (W.D. Penn. Jul. 10, 2014)............... 6

**RULES**

Fed. R. Civ. P. 59 ............................................................................................................... 9

N.J. Civ. R. 7.1............................................................................................................... 7, 9

**CONSTITUTIONAL PROVISIONS**

U.S. Const. art. III........................................................................................................... 10

## Introduction

On October 19, 2018, Plaintiffs filed a motion for a preliminary injunction and an Order to Show Cause (the "October 19 Motion") premised on an alleged incident involving non-party Paul Parmar at the Hazlet, New Jersey train station. The Court denied the October 19 Motion on two independent grounds: first, the five corporate Plaintiffs failed to demonstrate standing to raise issues based on alleged personal harms to Parmar; and, second, Plaintiffs' "unsupported" and summary analysis of likelihood of success did not meet their burden, including because "Plaintiffs have failed to demonstrate that Defendants were responsible for the acts alleged in Parmar's affidavit." *Alpha Cepheus, LLC v. Chinh Chu*, Case No. 2:18-cv-14322-MCA-MAH, Docket No. 21 at 2 (D.N.J. Oct. 29, 2018) (the "October 29 Order").

In a November 13, 2018, motion to reconsider the Court's Order, Plaintiffs seek to revisit the issues in the October 19 Motion. But Plaintiffs' application is not even timely. Motions to reconsider are due in 14 days under the local rules. Plaintiffs' filing came 15 days after the Court's denial order. This is no mere technicality: Plaintiffs' demand for extraordinary injunctive relief asks the Court to credit their claims of supposedly urgent threats. But this claim of urgency cannot be reconciled with the fact that Plaintiffs are not only moving leisurely in seeking relief, they are not even complying with extended deadlines that apply to plain vanilla motions to reconsider that do not involve supposed urgent issues.

Plaintiffs' new filing also ignores the strict standards that govern motions to reconsider. In trying to reargue standing and likelihood of success on the merits, Plaintiffs point to no material new evidence or any changes in controlling law, let alone clear error and manifest injustice. Indeed, Plaintiffs' motion papers largely consist of repeating and repackaging allegations from the Complaint and Parmar's filings in related matters. None of this is new, and,

1

once again, none of it is cognizable evidence linking Defendants to any of the alleged wrongdoing.

Plaintiffs also badly distort the import of the declaration submitted by Chinh Chu in opposition to the October 19 Motion (the "Chu Declaration"). In that declaration, Chu described that he hired a security firm because he felt threatened by Parmar, and that this security firm was responsible for a variety of lawful activities, including four days of surveillance on Parmar's premises. Moreover, Mr. Chu firmly and specifically denied any unlawful activity—sworn testimony that remains unrebutted. In any event, the parties' respective declarations were readily available before the October 29 Order; this Court has rendered its judgment; and the Motion offers no basis to reverse course.

Nor have Plaintiffs' shown a basis for reconsideration by their identification of Mosaic Security ("Mosaic") as the firm hired by Chu or their reference to Mosaic's advertised cybersecurity services. The Chu Declaration already explained that he hired a security firm with cybersecurity expertise. And nothing about what Plaintiffs pulled from the Mosaic website is "new" evidence or remotely suggestive of unlawful behavior: indeed, Mosaic's website could not be clearer that the firm offers *lawful* services to protect clients against unlawful hacking by *others*. To that end, it is noteworthy that the very same website Plaintiffs saw fit to reference in their motion advertises that Mosaic received an award for "Most Trusted Security Firm 2017"-- recognition inconsistent with the Motion's insinuation that Mosaic is some kind of rogue operator.

The Motion should be denied, both for the reasons that the Court previously denied Plaintiffs' preliminary injunction motion and for the additional reasons that Plaintiffs' new filing is procedurally deficient in multiple ways.

## Argument

I.   **The Motion for Reconsideration of the Denial of Plaintiffs' Motion is Untimely**

Plaintiffs' motion is untimely. The Local Rules require that a party serve and file a motion for reconsideration within 14 days after entry of the order or judgment on the original motion. N.J. Civ. R. 7.1(i). The Order denying Plaintiffs' Motion for a Preliminary Injunction was entered on October 29, 2018, thereby setting the clock on any motion for reconsideration for no later than November 12, 2018. *See* October 29 Order at 1-2. Plaintiffs did not file their renewed motion until the evening of November 13, 2018 – 15 days after the Court's October 29 Order. In this Circuit, "an untimely motion for reconsideration is 'void and of no effect.'" *Amatangelo v. Borough of Donora*, 212 F.3d 776, 780 (3d Cir. 2000) (citing *United States v. Contents of Accounts Nos. 3034504504 and 144-07143*, 971 F.2d 974, 976 n.1 (3d Cir. 1992)). This rule applies with special force where, as here, there are no mitigating circumstances such as *pro se* status that might excuse adherence to the deadline. The untimeliness of Plaintiffs' application by itself requires denial.

Moreover, Plaintiffs' failure to respect the deadlines for reconsideration is not just a procedural issue; it goes to the credibility of their demand for extraordinary relief before Defendants have even moved to dismiss. The motion purports to seek emergency relief based on supposedly urgent threats and harassment. *See* Motion at 30 (requesting that this Court enjoin Defendants from "committing assault, stalking, harassment, menacing, reckless endangerment, disorderly conduct, intimidation, threats, or any criminal offense against Mr. Parmar, his family and his associates"). Yet, Plaintiffs' actions speak louder than their words: they have not acted with urgency; indeed they failed to respect a lenient two week deadline that applies to all

3

motions for reconsideration, including the kind of mundane submissions that do not remotely implicate intimidation and harassment. Plaintiffs cannot insist on the need for emergency relief and at the same time fail to respect ordinary governing deadlines.

Finally, Plaintiffs cannot avoid the standards for motions for reconsideration by alternatively styling their applications as a "new motion." Motion at 2, 4. Plaintiffs' submission acknowledges that they are "ask[ing] the Court to reconsider its prior denial" and concedes that Plaintiffs "are making a second application for the same relief." Motion at 4. Rules providing for reconsideration exist to prevent precisely this kind of vexatious re-litigation of decided issues. *See Smith v. City of Chester*, 155 F.R.D. 95, 97 (E.D. Pa. 1994) ("Parties are not free to relitigate issues that the Court has already decided, nor should parties make additional arguments which should have been made before judgment.").

Since Plaintiffs seek identical relief, and repeat the same basic allegations, this Court should treat Plaintiffs' renewed motion as a motion for reconsideration to which all the procedural requirements for such motions apply. *See, e.g., Lewis v. Williams*, Civ. A. No. 07-1592 (GEB), 2009 WL 4117333, at *1 (D.N.J. Nov. 23, 2009) ("Because the present motion only makes arguments that have already been adjudicated, this motion must be treated as a motion for reconsideration of those previous" motions); *McWhorter v. Municipality of Philadelphia*, Civ. A. No. 85-5995, 1985 WL 3901, at *1 (E.D. Pa. Nov. 20, 1985) (treating additional frivolous motion practice, although styled otherwise, as a motion for reconsideration); *McCormick v. Six*, No. 08-3058-SAC, 2008 WL 842427, at *1 (D. Kan. Mar. 27, 2008) (motion which "simply contains [Plaintiff's] expressions of dissatisfaction with the court's rulings" to be "treated as a motion for reconsideration").

**II.     Plaintiffs Do Not Satisfy The Standard For Reconsideration**

Even if the Motion were not untimely, it does not come close to meeting the strict standards that would justify revisiting the Court's October 29 Order.

A motion for reconsideration pursuant to Federal Rule of Civil Procedure 59 and/or Local Civil Rule 7.1 is an "extremely limited procedural vehicle." *Resorts Int'l, Inc. v. Greate Bay Hotel and Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992). A court will only reconsider its "prior ruling if it determines that it overlooked *dispositive* factual matters or controlling decisions of law." *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987) (emphasis added); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence.").

Specifically, the party seeking reconsideration must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Absent such grounds, a motion for reconsideration of the denial of a preliminary injunction "will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision, or the only apparent purpose for filing the motion is to assert the reasons why the moving party disagrees with the court's decision." *Tehan v. Disability Management Services, Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000) (internal citations omitted).

Plaintiffs' motion does not acknowledge these blackletter standards. They apply nonetheless, and also require denial of Plaintiffs' application.

*First*, the Motion presents no intervening change in the controlling law. For example,

5

Plaintiffs have not cited a *single* case in support of reversing the Court's judgment on standing, which rests on well-established principles regarding the injury-in-fact requirement under Article III of the Constitution.[1] Indeed, the Motion cites no case law whatsoever in support of its request for a preliminary injunction aside from a single district court opinion from 1996 that was already cited in the October 19 Motion.[2]

*Second*, the Motion presents no new material evidence that was not available when the Court denied the October 19 Motion. "[N]ew evidence for reconsideration purposes, does not refer to evidence that a party ... submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *See Blystone*, 664 F.3d at 415 (citing *Howard Hess Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). "In order for allegations of factual error to support a motion for reconsideration, they must be material." *Van Tassel v. Piccione*, Civ. A. No. 13-1672 Erie, 2014 WL 3401680, at *3 (W.D. Penn. Jul. 10, 2014) (citing *Buffa v. N.J. State Dept. of Judiciary*, 56 F. App'x 571, 575 (3d Cir. 2003)).

---

[1] Plaintiffs posit a strawman as their theory of harm: of course, the *Complaint* alleges dissipation of the Plaintiffs' assets as a result of the going-private transaction, but as the Court noted in its October 29 Order, this Motion and relief it seeks do not pertain to that transaction. *See generally In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 272 (3d Cir. 2016) (internal citation and quotation marks omitted) ("a plaintiff must claim the invasion of a concrete and particularized legally protected interest resulting in harm 'that is actual or imminent, not conjectural or hypothetical"); *Amato v. Wilentz*, 952 F.2d 742, 748 (3d Cir. 1991) ("[I]n the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.").

[2] In rearguing the question of whether expedited, pre-motion to dismiss discovery is warranted, Plaintiffs cite several cases regarding the standard of review in a motion for expedited discovery. Motion at 34-35. But nothing in these cases justifies granting Plaintiffs the discovery they seek. Even more fundamentally, these cases were all readily available when Plaintiffs briefed their October 19 Motion and do not establish the kind of change in controlling law since October 19, 2018 that would be relevant to a motion for reconsideration.

Here, Plaintiffs flatly ignore these standards. For example, Plaintiffs submit a photograph that purports to show an individual standing in a driveway with a cellphone opened to display available Wifi networks, one of which is apparently Parmar's. On the substance, the photograph adds nothing to Plaintiffs' speculative arguments, since it—like all of Plaintiffs' evidence—does not demonstrate any connection between the Defendants and any wrongdoing.[3] Regardless, this information was fully "available when the court decided the motion," *Blystone*, 664 F.3d at 415, and nothing prevented Parmar from taking this picture and including this image in the October 19 Motion.

The Motion also relies heavily on repackaging Parmar's prior claims that Chu is the mastermind behind a fraud involving CHT and Parmar was the victim, rather than the culpable party—notwithstanding the contrary conclusions of the U.S. Attorneys' Office, the Securities and Exchange Commission, and the Debtors in the CHT bankruptcy. *See* Motion at 5-12. But these unsubstantiated allegations do not draw on new evidence and have already been set forth in the October 19 Motion, the Complaint in this action, and in Parmar's filings in related matters such as the motion to dismiss the SEC complaint before the Court. None of this is "evidence" and paraphrasing prior allegations is not new in any event. *See Tehan*, 111 F. Supp. 2d at 549-550; *Carteret Sav. Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J. 1989) (rejecting a motion for reconsideration that "presented a recapitulation of the cases and arguments considered by th[e] court before rendering its original decision").

---

[3] Plaintiffs' theory seems to be that since (1) a WiFi network was apparently accessible from the street, (2) it must have been hacked, and (3) Chu must be behind the hacking. But points 2 and 3 do not remotely follow from a photograph relevant to point 1. Indeed, it is telling that Plaintiffs still offer no new forensic analysis that any hacking occurred nor certainly any basis to tie Defendants to any alleged hacking.

The Motion also seeks reconsideration in light of Chinh Chu's October 24, 2018 Declaration, and Plaintiffs' arguments about what it supposedly means. On their face, Plaintiffs' interpretations of the Chu Declaration are unsustainable. Chu did not admit to unlawful surveillance or hacking of Parmar's home. *Cf.* Motion at 16-17. To the contrary, Chu unambiguously testified, under oath, that he never authorized or instructed anyone to perform any unlawful surveillance, harassment, "hacking," or other activity. Chu Decl. ¶¶ 16-18. Even more fundamentally, the Chu Declaration—which was squarely before the Court on the original preliminary injunction—is not new evidence. Plaintiffs are just trying to draw new (and baseless) inferences from this evidence. Again, Plaintiffs are not entitled to reconsideration merely because they "disagree[] with the court's decision" after it drew its own inferences from this and other evidence that the parties submitted. *Tehan*, 111 F. Supp. 2d at 549.

Finally, Plaintiffs also make much of the fact that they have "discovered" that Chu hired a security firm, Mosaic Securities ("Mosaic"), to perform surveillance in September 2018 of Mr. Parmar's property. Motion at 4, 33. Chu's retention of a security firm for various lawful services is not new information; it was described in detail in the Chu Declaration. Chu Decl. ¶¶ 12-15. Nor is it material new evidence that Mosaic has expertise in cybersecurity and engages former members of law enforcement and the armed services. *Cf.* Motion at 14. Chu explained that he retained Mosaic to "to conduct a cybersecurity analysis and determine whether my computer or phone might be bugged or otherwise monitored." Chu Decl. ¶ 12. Chu also explained how he used Mosaic "to arrange for an off-duty New York City Police Officer to provide protection for [his] children." *Id.*

Plaintiffs' theory seems to be that if a security firm employs former military personnel and has expertise in *lawful* cybersecurity matters, then it must be that this firm was engaged in

8

*unlawful* hacking of Parmar. This does not follow. And it remains the case that Plaintiffs present no evidence to "demonstrate" that Defendants or anyone in their employ "were responsible for the acts alleged in Parmar's affidavit." October 29 Order at 2.

*Third*, the Motion does not show manifest injustice created by a clearly erroneous conclusion of law or fact. *Blystone*, 664 F.3d at 415. To demonstrate clear error, "the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Sun Chemical Corp. v. Fike Corp.*, Civ. A. No. 13-4069 (ES), 2015 WL 3935031, at *2 (D.N.J. Jun. 25, 2015) (internal citation omitted). "Unless a court has truly failed to consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier, a motion to reconsider a decision (even one that may contain an error) is generally futile." *CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 167-68 (D.N.J. 2013). The Motion does not point to a specific error of any kind, let alone in a manner sufficient to satisfy the demanding clear error standard. Plaintiffs do not address the manifest injustice standard and they could not satisfy it if they did.

In any event, this Court did not fail to consider any dispositive facts or law when it correctly denied injunctive relief on two independent grounds. As discussed above, Plaintiffs have not cited a *single* case in support of reversing the Court's judgment on standing, nor do they purport to address how the corporate Plaintiffs meet the injury-in-fact requirement. With respect to likelihood of success on the merits, the Motion is heavy on redundant and entirely unsupported factual allegations and light on authority. Again, if Plaintiffs wanted to include the arguments and allegations from their Complaint, they had every opportunity to do so in their October 19 Motion. They cannot rely on them here.

9

## Conclusion

For the foregoing reasons, and the reasons provided at length in the Defendants' October 24, 2018 Memorandum of Law in Opposition to the Motion for a Preliminary Injunction, Plaintiffs are not entitled to emergency injunctive relief and the October 29 Order of this Court should stand. The renewed motion should be denied in full.

Dated: November 21, 2018

                                    Respectfully submitted,

                                    /s/ James E. Cecchi
                                    James E. Cecchi
                                    Caroline F. Bartlett
                                    **CARELLA, BYRNE, CECCHI, OLSTEIN,**
                                        **BRODY & AGNELLO, P.C.**
                                    5 Becker Farm Road
                                    Roseland, New Jersey 07068
                                    Telephone: (973) 994-1700
                                    Facsimile: (973) 994-1744
                                    jcecchi@carellabyrne.com

                                    Eric Brenner (*pro hac vice pending*)
                                    Julian Beach (*pro hac vice pending*)
                                    **BOIES SCHILLER FLEXNER LLP**
                                    575 Lexington Avenue
                                    New York, New York 10022
                                    Telephone: (212) 446-2300
                                    Facsimile: (212) 446-2350
                                    ebrenner@bsfllp.com

                                    Joseph Alm (*pro hac vice pending*)
                                    **BOIES SCHILLER FLEXNER LLP**
                                    1401 New York Ave, NW
                                    Washington, DC 20005
                                    Phone: (202) 237-2727
                                    Fax: (202) 237-6131
                                    jalm@bsfllp.com